UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN IDALSKI,

                    Petitioner,                            Hon. Janet T. Neff

v.                                           Case No. 1:14-CV-167

DEWAYNE BURTON,

                    Respondent.

_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Idalski's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Idalski's petition be **denied**.

**BACKGROUND**

        In February 2009, Petitioner was convicted of Second Degree Criminal Sexual Conduct. (Trial Transcript, February 18, 2009, 59-61). Petitioner was sentenced to serve one year in jail followed by five years of probation. (Sentence Transcript, March 18, 2009, 7-9). One condition of Petitioner's probation was that he have "no contact with children." (Tr. 9). On December 21, 2011, Petitioner pleaded guilty to violating the terms of his probation by having impermissible contact with a child. (Plea Transcript, December 21, 2011, 3-14). Petitioner was

1

sentenced to serve 17-180 months in prison, with credit for the 386 days he was initially incarcerated. (Tr. 13). Asserting the following claims, Petitioner subsequently moved in the Michigan Court of Appeals for leave to appeal:

> I.     The trial court unlawfully deprived the Defendant of his due process, equal protection, and other protected rights under the United States and Michigan constitutions when it failed to take into account all mitigating evidence in sentencing the defendant; on plain error and/or ineffective assistance of counsel this court should review this issue.

> II.    The trial court unlawfully violated the United States and Michigan constitutions in sentencing the Defendant to a prison term of 17 months to 15 years on the CSC 2 conviction; on plain error and/or ineffective assistance of counsel this court should review this issue.

The Michigan Court of Appeals denied Petitioner's motion "for lack of merit in the grounds presented." *People v. Idalski*, Case No. 310385, Order (Mich. Ct. App., Mar. 11, 2013). Asserting the following issues, Petitioner moved in the Michigan Supreme Court for leave to appeal:

> I.     It was a constitutional denial of Due Process for the Court of Appeals to deny Appellant's Motion to Remand for the development of a testimonial record in support of his ineffective assistance of counsel claim.

> II.    Contrary to both the Michigan and United States Constitution the Michigan Court of Appeal committed error in denying leave to appeal on Appellant's well made out argument that his sentence was based on inaccurate information as a result of either ineffective assistance of counsel or on plain error where the trial court did not take into consideration any mitigating evidence in the imposition of sentence.

The Michigan Supreme Court denied Petitioner's motion on the ground that "we are

not persuaded that the questions presented should be reviewed by this Court." *People v. Idalski*, Case No. 147034, Order (Mich., Sept. 30, 2013).  On February 20, 2014, Petitioner initiated the present action asserting the following issues:

> I.     The trial court unlawfully deprived the defendant of his due process rights, equal protection, and other protected rights under the United States and Michigan constitutions when it failed to take into account all mitigating evidence in sentencing the defendant; on plain error and/or ineffective assistance of counsel this court should review this issue.

> II.    The trial court unlawfully violated the United States and Michigan constitutions in sentencing the defendant to a prison term of 17 months to 15 years on the CSC 2 conviction; on plain error and/or ineffective assistance of counsel this court should review this issue.

## STANDARD OF REVIEW

Idalski's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court

unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the

requirements of either § 2254(d)(1) or § 2254(d)(2).  This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).  Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits."  *Id.* at 784-85.  Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely."  *Id.*  If this presumption is overcome, however, the Court reviews the matter de novo.  *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

### I.        Sentencing Claims

Petitioner makes several sentence-related arguments.  First, Petitioner argues that in fashioning his sentence the trial court failed to give adequate consideration to mitigation evidence.  Petitioner argues that his sentence was based upon inaccurate information.  Petitioner next argues that his sentence is unconstitutionally excessive.  Finally, Petitioner argues that the trial judge "enhanced" his sentence on the basis of factual findings not found by the jury beyond a reasonable

doubt in violation of the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004).

A.     Mitigation Evidence

The United States Supreme Court has addressed the topic of mitigation evidence in the context of death penalty cases.  The Court has held that "a State cannot preclude the sentencer from considering 'any relevant mitigating evidence' that the defendant proffers in support of a sentence less than death." *Payne v. Tennessee*, 501 U.S. 808, 822 (1991).  The Court more recently stated that "[i]n aggregate, our precedents confer upon defendants the right to present sentencers with information relevant to the sentencing decision and oblige sentencers to consider that information in determining the appropriate sentence." *Kansas v. Marsh*, 548 U.S. 163, 175 (2006). The Court further stated, however, that "[t]he thrust of our mitigation jurisprudence ends here."  As the Court further observed, "we have never held that a specific method for balancing mitigating and aggravating factors in a capital sentencing proceeding is constitutionally required" because "the States enjoy a constitutionally permissible range of discretion in imposing the death penalty." *Id.*

Petitioner's argument fails for two reasons.  First, Petitioner has identified no authority that the Supreme Court's holdings regarding mitigation evidence have any applicability in non-capital cases.  Thus, Petitioner cannot demonstrate that the alleged failure by the trial court to consider mitigation evidence violates Supreme Court authority.  Furthermore, even if it is assumed that the Supreme Court's "mitigation jurisprudence" applies in non-capital cases, Petitioner has failed to demonstrate violation thereof.  Petitioner has failed to establish that he was denied an opportunity to present to the trial court evidence relevant to sentencing.  (Sentencing Transcript, February 18, 2009; Sentencing Transcript, December 21, 2011).  Petitioner has likewise failed to

demonstrate that the trial judge did not consider all relevant evidence presented regarding his sentence. (Sentencing Transcript, February 18, 2009; Sentencing Transcript, December 21, 2011). Accordingly, this argument is rejected.

### B.   Inaccurate Information

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come"). As the *Watts* Court observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances." *Watts*, 519 U.S. at 151-52. Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted).

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To obtain habeas relief, however, Petitioner must demonstrate that "the information in question was materially false and that the trial court relied on it." *Potter v. Yukins*, 6 Fed. Appx. 295, 296 (6th Cir., Oct. 9, 2007) (citations omitted). Petitioner argues that because the trial judge failed to properly assess his "rehabilitative potential," his sentence was based upon inaccurate information. While the trial judge may not have procured or conducted the sort of formal assessment Petitioner

8

now advocates, a review of the sentencing proceeding reveals that the trial judge did, in fact, consider evidence regarding Petitioner's potential for rehabilitation. Petitioner's attorney indicated to the court that Petitioner had completed "Sex Offender Treatment" and was also participating in therapy. (Sentencing Transcript, December 21, 2011, 8). The trial court considered this information and apparently concluded that the fact Petitioner violated the terms of his probation by having impermissible contact with a child, despite engaging in sex offender treatment and therapy, did not bode well for Petitioner's "rehabilitative potential." Moreover, Petitioner has failed to demonstrate that the information presented by his attorney regarding this matter was inaccurate. In sum, Petitioner cannot establish that the trial court relied on materially false information in fashioning his sentence. This argument is, therefore, rejected.

C.     Excessive Sentence

Petitioner asserts that his sentence is impermissibly excessive. To the extent Petitioner asserts that his sentence violates the principle of proportionality articulated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990), such is without merit. First, any claim that Petitioner's sentence violates state law is not cognizable in this action. *See, e.g., Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)) (recognizing that a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review).

Moreover, the Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids

extreme sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. When a court assesses whether a sentence imposed by a state court satisfies the Eighth Amendment's "limited guarantee of proportionality," it must "grant substantial deference to the. . .legislatures. . .in determining the types and limits of punishments for crimes." *Id.* at 473-74. Accordingly, "a sentence within the maximum set by statute generally does not constitute cruel and unusual punishment." *Id.* at 474. In this case, Petitioner's sentence is in absolutely no way "grossly disproportionate" to the crime to which he pleaded guilty. Accordingly, this argument is rejected.

### D.    Enhanced Sentence

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Petitioner asserts that his sentence violates this rule because the trial judge relied upon facts which were neither admitted nor proven beyond a reasonable doubt when scoring several of the offense variables.

In *Blakely*, the defendant pleaded guilty to second degree kidnaping involving domestic violence and use of a firearm. *Blakely*, 542 U.S. at 298-99. In so doing, Blakely admitted "the elements of second-degree kidnaping and the domestic-violence and firearm allegations, but no other relevant facts." *Id.* at 299. Washington law provided that the "standard range" to which a defendant, convicted of this particular offense, could be sentenced was 49-53 months. However, the sentencing court was permitted to impose a sentence in excess of the "standard range" if it found "substantial and compelling reasons justifying an exceptional sentence." Before imposing an

"exceptional sentence," the sentencing court was required to "set forth findings of fact and conclusions of law supporting it." *Id.*

 The State recommended that Blakely receive a "standard range" sentence of 49-53 months. *Id.* at 300. The sentencing court rejected this recommendation, however, and, finding that Blakely acted with "deliberate cruelty," imposed an "exceptional" sentence of 90 months. *Id.* at 300-01. As the *Blakely* Court recognized, under Washington law, the court "could not have imposed the exceptional 90-month sentence solely on the basis of the facts admitted in the guilty plea," but instead could do so only based on the court's additional determination that Blakely acted with "deliberate cruelty." *Id.* at 304. The Court held, therefore, that this sentence violated Blakely's Sixth Amendment right to trial by jury because it was predicated on facts that were neither admitted by Blakely nor found by a jury. *Id.* at 301-05.

 The *Blakely* Court, however, made clear that its holding applied only to "determinate-sentencing schemes" such as that employed by the State of Washington. *Id.* at 308-09. The Court recognized that *indeterminate* sentencing schemes do not run afoul of the Constitution because while such schemes may sanction "judicial discretion" in sentencing, they do not accomplish such "at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty." *Id.* at 308-09. As the Court recognized:

> Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence - and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no

> more than a 10-year sentence - and by reason of the Sixth
> Amendment the facts bearing upon that entitlement must be found by
> a jury.

*Id.* at 309.

As is well recognized, the State of Michigan employs an indeterminate sentencing scheme. *See, e.g., Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *Porter v. Bauman*, 2011 WL 3501814 at *5 (W.D. Mich., Aug. 10, 2011).

Petitioner was convicted of Second Degree Criminal Sexual Conduct which, under Michigan law, is punishable by imprisonment of not more than 15 years. *See* Mich. Comp. Laws § 750.520c. Petitioner was sentenced to serve 17 months to 15 years in prison. This sentence is entirely consistent with Michigan law. Thus, when Petitioner committed his crimes he knew that he could possibly receive a sentence of this magnitude. Because Petitioner received a sentence within the range permitted by Michigan law as a result of his convictions, any additional fact-finding in which the trial court may have engaged did not violate Petitioner's rights under *Blakely* or the Sixth Amendment. Thus, this claim raises no issue on which habeas relief may be granted.

## II.        Ineffective Assistance of Counsel

Petitioner asserts that his trial attorney rendered ineffective assistance in the following ways: (1) counsel failed to introduce mitigating evidence; (2) counsel failed to object to the failure by the trial judge to consider mitigating evidence; and (3) counsel failed to object to the length of Petitioner's sentence.

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, 562 U.S. 115,

121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).  To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 562 U.S. at 121 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo*, 562 U.S. at 121 (quoting *Strickland*, 466 U.S. at 689).  Petitioner's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 562 U.S. at 121-22 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance.  Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 562 U.S. at 122 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  In the context of a sentencing proceeding, Petitioner must demonstrate that there exists a reasonable probability that, but for counsel's errors, he would have received a more favorable sentence.  *See, e.g., Stumpf v. Robinson*, 722 F.3d 739, 753-54 (6th Cir. 2013) (to prevail on a claim that counsel rendered ineffective assistance at sentencing, petitioner must demonstrate that there exists a reasonable probability that absent counsel's errors he would have received a different sentence).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 562 U.S. at 122 (quoting *Strickland*, 466 U.S. at 690).  This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly

ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 562 U.S. at 122. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the *Premo* Court concluded:

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 122-23 (internal citations omitted).

As discussed above, Petitioner's claims regarding mitigation evidence and the length of his sentence are without merit. Thus, even if the Court assumes that counsel's performance was deficient, Petitioner simply cannot demonstrate that absent his attorney's alleged errors he would have received a more favorable sentence. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States.  Accordingly, the undersigned recommends that Idalski's petition for writ of habeas corpus be **denied**.  The undersigned further recommends that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  June 9, 2016                                              /s/ Ellen S. Carmody
                                                                      ELLEN S. CARMODY
                                                                      United States Magistrate Judge